IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAYSON ZACHARY WILSON,

    **Plaintiff,**

    v.                                          CASE NO. 22-3289-JWL-JPO

TAMMY ALEXANDER, Lieutenant,
Franklin County Jail,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is in custody at the Franklin County Jail in Ottawa, Kansas ("FCJ"). On December 5, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until January 4, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff claims that he was sold nicotine patches at the FCJ as an underage 19-year-old, and he did not know they were addictive. The Court found in the MOSC that Plaintiff has not stated a claim for relief based on his conditions of confinement. Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by the defendant.

The Court found that Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. Claims under § 1983 may not be predicated on mere

negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).  Plaintiff's allegations of negligence must be presented in a state court action.

The Court also found that Plaintiff's allegation that the sale of the patches to him violated state law fails to state a valid claim for relief.  State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States.  *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.' ") (citation omitted).

The Court's MOSC provided that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 5, at 6.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 12, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE